UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| JUDITH COTHRAN, M.D., | ) |
| Plaintiff, | ) |
| | ) No. 09 C 7367 |
| v. | ) |
| | ) Judge George M. Marovich |
| NORTHWESTERN MEDICAL | ) |
| FACULTY FOUNDATION, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Judith Cothran, M.D. ("Dr. Cothran") filed a four-count complaint against Northwestern Medical Faculty Foundation ("Northwestern"). In her complaint, Dr. Cothran asserts claims for race discrimination in violation of Title VII of the Civil Rights Acts of 1964, breach of contract and tortious interference with economic advantage. Defendant moves to dismiss all of plaintiff's claims. For the reasons set forth below, the Court grants defendant's motion.

**I.   Background**

For purposes of this motion to dismiss, the Court takes as true the allegations in Dr. Cothran's complaint.

From on or about August 31, 2003 until about February 28, 2009, Dr. Cothran was employed by Northwestern. When her employment commenced, Dr. Cothran signed an agreement that stated the employment would renew each year for a one-year term unless either party notified the other that she or it intended not to renew the agreement. Dr. Cothran's position at Northwestern had two components: she was an Assistant Professor of Obstetrics and

Gynecology at the Northwestern University Medical School and she maintained a professional medical practice.

Dr. Cothran's performance reviews were favorable, despite a few obstacles. For example, Dr. Cothran repeatedly requested additional examination rooms but was denied. As a result, Dr. Cothran was able to see fewer patients, which reduced Northwestern's revenues and Dr. Cothran's compensation. In 2006, Dr. Cothran complained to human resources that policies were applied inconsistently and that she was subjected to a hostile work environment.

In January 2007, Northwestern's Director of Human Resources met with Dr. Cothran's supervisor. Dr. Cothran's supervisor stated that he wanted to terminate Dr. Cothran's employment but that Dr. Cothran's race made him afraid to discharge her. Dr. Cothran is black. Dr. Cothran's supervisor stated that he hoped she would leave voluntarily. Dr. Cothran did not leave voluntarily.

Instead, on May 29, 2008, Northwestern informed Dr. Cothran that is was not renewing her contract. The parties agreed to a short contract that kept Dr. Cothran employed at Northwestern until February 28, 2009.

In the meantime, by July 2008, Northwestern had hired another individual, who was Caucasian, into a position that was the equivalent of Dr. Cothran's. Dr. Cothran believes Northwestern hired the Caucasian individual to replace her.

On July 31, 2009, Dr. Cothran filed a charge of discrimination with the United States Equal Employment Opportunity Commission. After receiving a notice of right to sue, Dr. Cothran filed her four-count claim here. Northwestern moves to dismiss Count I on statute of limitations grounds and Counts II, III and IV for failure to state a claim.

## II. Standard on a motion to dismiss

The Court may dismiss a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure if the plaintiff fails "to state a claim upon which relief can be granted." Fed.R.Civ.P. 12(b)(6). In considering a motion to dismiss, the Court accepts as true all well-pleaded factual allegations and draws all reasonable inferences in the plaintiff's favor. *McCullah v. Gadert*, 344 F.3d 655, 657 (7th Cir. 2003). A complaint must "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombley*, 127 S.Ct. 1955, 1964 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). A complaint need not provide detailed factual allegations, but mere conclusions and a "formulaic recitation of the elements of a cause of action" will not suffice. *Twombley*, 127 S.Ct. at 1964-1965. A complaint must include enough factual allegations to "raise a right to relief above a speculative level." *Twombley*, 127 S.Ct. at 1965.

In considering a motion to dismiss, a court may not consider matters outside the pleadings without converting the motion to a motion for summary judgment. *See* Fed.R.Civ.P. 12(b). The pleadings include documents attached to the complaint. *See* Fed.R.Civ.P. 10(c).

## III. Discussion

### A. Plaintiff's Title VII claim

Defendant moves to dismiss plaintiff's Title VII claim on the basis of the 300-day statute of limitations for filing a charge of discrimination.

Title VII sets out administrative requirements that must be met before one may file a discrimination complaint in federal court. The Supreme Court has explained that "strict adherence to the procedural requirements specified by the legislature is the best guarantee of evenhanded administration of the law." *National R.R. Passenger Corp. v. Morgan*, 536 U.S.

101, 108 (2002) (quoting *Mohasco Corp. v. Silver*, 447 U.S. 807, 826 (1980)). "[P]rocedural requirements established by Congress for gaining access to the federal courts are not to be disregarded by courts out of a vague sympathy for particular litigants." *Threadgill v. Moore U.S.A.*, 269 F.3d 848, 851 (7th Cir. 2001) (quoting *Baldwin Cty. Welcome Ctr. v. Brown*, 466 U.S. 147, 152 (1984)).

Among other procedural requirements, a plaintiff wishing to pursue his Title VII claim in federal court generally must file a charge of discrimination with the EEOC or the Illinois Department of Human Rights within 300 days after the allegedly unlawful employment practice. *See* 42 U.S.C. § 2000e-5(e)(1); *Dandy v. United Parcel Serv., Inc.*, 388 F.3d 263, 270 (7th Cir. 2004). This (like every) statute of limitations is an affirmative defense, and the plaintiff need not plead around it. *United States Gypsum Co. v. Indiana Gas Co.*, 350 F.3d 623, 626 (7th Cir. 2003). Still, a plaintiff "may plead himself out of court by alleging (and thus admitting) the ingredients of a defense." *Id.*

It is clear that Dr. Cothran filed her charge of discrimination more than 300 days after the allegedly discriminatory action. The alleged discriminatory act occurred on May 29, 2008, the day Northwestern informed Dr. Cothran that it would not renew her contract. *See Morgan*, 536 U.S. at 110 ("discrete retaliatory or discriminatory act 'occurred' on the day that it happened"). Dr. Cothran did not file her charge of discrimination until July 31, 2009, more than 300 days later. Dr. Cothran concedes that she filed her charge more than 300 days after the alleged discriminatory act.

Dr. Cothran argues that her claim is not time-barred, however, due to equitable tolling. Dr. Cothran asserts that she did not know she was discriminated against on the basis of race until

she reviewed her personnel file in June 2009. In her personnel file, Dr. Cothran saw a note reflecting her supervisor's statement that he was afraid to discharge Dr. Cothran, given her race.

Equitable tolling extends a plaintiff's time for filing a charge "if even diligent efforts on [her] part would not have enabled [her] to prepare and file [her] suit within the statutory period." *Lewis v. City of Chi.*, 528 F.3d 488, 493 (7th Cir. 2008). As the Seventh Circuit has noted, "the deadline is short, but a charging party is not required to conduct a precomplaint investigation." *Lewis*, 528 F.3d at 493. A court must consider "whether a reasonable person in the plaintiff's position would have been aware of the *possibility* that [she] had suffered an adverse employment action because of illegal discrimination." *Beamon v. Marshall & Ilsey Trust Co.*, 411 F.3d 854, 861 (7th Cir. 2005) (emphasis in original).

The Court concludes that equitable tolling does not extend the deadline in this case. Although Dr. Cothran argues that she did not think she was discriminated against until she saw her personnel file in June 2009, she would have seen the personnel file sooner if she had asked for her personnel file sooner. The Illinois Personnel Records Review Act grants employees the right to see their personnel files. *See* 820 ILCS 40/2. Even if Dr. Cothran could not, with reasonable diligence, have seen the documents sooner, Dr. Cothran knew, within the limitations period, that she had been replaced by someone outside of her protected class. Dr. Cothran alleges in her complaint that her replacement (who, according to Dr. Cothran's own allegations, was of a different race) began working at Northwestern in July 2008, before Dr. Cothran stopped working there. In other words, Dr. Cothran could make out a *prima facie* case, and a reasonable person would have known discrimination was a *possible* explanation. *See Beamon*, 411 F.3d at

861 (concluding that equitable tolling did not apply where plaintiff knew he was replaced by someone outside his protected class).

The Court concludes that Dr. Cothran's allegations establish that her Title VII claim is time-barred. Accordingly, the Court grants defendant's motion with respect to Count I and dismisses Count I with prejudice.

### B. Plaintiff's state law claims

The Court has supplemental jurisdiction over plaintiffs' remaining claims. Because the Court has disposed of the only claim over which it had subject-matter jurisdiction, the Court exercises its discretion to dismiss the remaining state claims without prejudice. *Wright v. Associated Ins. Cos. Inc.*, 29 F.3d 1244, 1251 (7th Cir. 1994) ("the general rule is that, when all federal claims are dismissed before trial, the district court should relinquish jurisdiction over pendent state-law claims rather than resolving them on the merits."). Counts II, III and IV are dismissed without prejudice, and plaintiff is free to file those claims in state court.

## IV. Conclusion

For the reasons set forth above, the Court grants defendant Northwestern Medical Faculty Foundation's motion to dismiss. Count I is dismissed with prejudice. Counts II, III and IV are dismissed without prejudice. Case dismissed.

ENTER:

*/s/ George M. Marovich*

George M. Marovich
United States District Judge

DATED: March 30, 2010